UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| STACY VENABLE, )<br>  )<br>      Plaintiff, )<br>  )<br>      v. )<br>  )<br> T-MOBILE USA, INC., )<br>  )<br>      Defendant. ) | Civ. No. 07-168-B-W |

**RECOMMENDED DECISION**[1]

On October 29, 2007, the defendant, T-Mobile USA, Inc., timely removed this employment discrimination action from the Maine Superior Court. Although the claims are asserted exclusively under the Maine Human Rights Act, T-Mobile contends that the Court has jurisdiction over the matter based on the parties' diversity of citizenship. The plaintiff, Stacy Venable, has filed a motion to remand.

**Facts**

The plaintiff, Stacy Venable, seeks compensatory damages, punitive damages, back pay, front pay, interest, costs and attorney fees. (Compl. at 4, Doc. No. 5.) Her state court complaint does not specify an amount of damages, which is proper. See 14 M.R.S.A. § 52. Venable does not otherwise articulate in the complaint any limitation on her damages. T-Mobile observes that, because it has more than 500 employees, the

---

[1] There is some debate about a magistrate judge's authority to enter orders on motions to remand. The foolproof approach appears to be that I should offer the Court a recommendation on the motion. See, e.g., Vogel v. U. S. Office Prods. Co., 258 F.3d 509, 517 (6th Cir. 2001) ("agree[ing] with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts"); Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992) (identifying the issue but seeing no need "to enter the fray at th[e] time").

statutory damages cap far exceeds the jurisdictional threshold of $75,000.  (Notice of Removal ¶ 6(d), Doc. No. 1.)  Venable's complaint relates that T-Mobile has in excess of 500 employees.  (Compl. ¶ 4, Doc. No. 5.)

On November 5, 2007, Venable petitioned the Court for remand and also filed an amended complaint alleging:  "The amount in controversy in this dispute is $75,000.00."  (Am. Compl. ¶ 6, Doc. No. 6.)  Her counsel has filed an affidavit asserting that Venable "will stipulate that $75,000.00 (plus interest and costs, and attorneys' fees incurred after October 19,[2] 2007) is the maximum amount of damages which may be awarded to her in this case."  (Aff. of Andrea V.W. Wan, Esq. ¶ 2, Doc. No. 7-2.)  T-Mobile does not offer any evidence to demonstrate the likelihood that Ms. Venable's potential damages would exceed $75,000.

## Discussion

As there is no dispute that the parties are citizens of different states, pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over their state law dispute if the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  Ms. Venable asserts in her amended complaint that the amount in controversy is $75,000.  Therefore, it is undisputed that the value of her claim is at least $75,000.

The Maine Human Rights Act allows for an award of attorney fees to a prevailing party, so long as the action has been preceded by an administrative claim.  See 5 M.R.S.A. §§ 4614, 4622.  Venable alleges that she has pursued her claim before the Maine Human Rights Commission.  (Compl. ¶ 5.)  Attorney fees in this case would certainly exceed one dollar.  Consequently, if the Court considers the potential for a fee-shifting award when valuing Venable's claim, the amount in controversy is certain to

---

[2]   I believe Attorney Wan means October 29 (the date of removal) rather than October 19.

cross the jurisdictional threshold. In this district, judges have considered the potential for attorney fee awards when considering the amount in controversy. See Waldron v. George Weston Bakeries Distrib., 477 F. Supp. 2d 295, 296-97 (D. Me. 2007) (Singal, J.) (including estimated attorney fee award in its amount in controversy computation where the statutory claims allowed for a fee shifting award); cf. Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 4 (D. Me. 2004) (Kravchuk, Mag. J.) (remanding an action where the plaintiff's self-imposed limitation on damages extended that limitation to attorney fees, too, and where the plaintiff's pre-removal allegations alleged that the amount in controversy was less than $75,000); Karofsky v. Abbott Lab., 921 F. Supp. 18, 20 (D. Me. 1996) (Hornby, J.) (remanding a putative class action because each putative class member's claim was well under $10,000 and any projected attorney fee award would be prorated across the class so the jurisdictional threshold likely would not be crossed).

Venable argues that because the First Circuit Court of Appeals has neither condoned nor condemned the practice of estimating attorney fee awards in order to value a case, this Court is free to reject the practice. (Reply Br. at 3, Doc. No. 11.) She cites Seventh Circuit precedent holding that speculative attorney fees should not be considered in the diversity jurisdiction calculus. (Id., citing Hart v. Schering-Plough Corp., 253 F.3d 272 (7th Cir. 2001); Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955 (7th Cir. 1998).) The Gardynski opinion, which Venable quotes extensively for its rationale, holds that a court should not consider "the value of legal services that have not been and may never be incurred," because they are not in controversy at the time of removal. 142 F.3d at 958. It reversed a decision that relied on prospective attorney fees to make up most of the jurisdictional amount. See id. at 959. The present case is a little different. Due to

Venable's $75,000 claim, a solitary dollar in fees would satisfy the jurisdictional requirement.  At the time of removal, Venable's counsel had already drafted a complaint, which would have involved at least one dollar of attorney time.  Of course, what Attorney Wan is really saying is that Venable's claim falls shy of $75,000 by the amount of attorney fees she had incurred as of the date of removal, which is a rather arbitrary line of demarcation.  She words it this way because fees already incurred at the time of removal were not really criticized in the Gardynski opinion.  Nor are they the focus of the Hart opinion.  253 F.3d at 274.

Because the plaintiff's post-removal effort to limit her claim reflects an obvious effort at forum avoidance, and because a solitary dollar in prospective fees is all that would be needed to bring the amount in controversy above the jurisdictional threshold (assuming the $75,000 figure is the value set by the evidence), the motion to remand should be denied.

## Conclusion

For the above reasons, I RECOMMEND that the Court DENY the plaintiff's motion to remand (Doc. No. 7).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C.  636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 3, 2007

/s/ Margaret J. Kravchuk,
U.S. Magistrate Judge